N.R. SMITH, Circuit Judge,
concurring in part and dissenting in part:
The majority affords the ALJ appropriate deference in affirming the ALJ’s credibility findings, but substitutes its own judgment for the ALJ in deciding Leonard’s RFC and whether the Medical-Vocational Guidelines (grids) are applicable. I dissent because the ALJ’s decision with regard to the latter two issues is supported by substantial evidence.
We must affirm an ALJ’s factual findings if they are supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); Tackett v. Apfel, 180 F.3d 1094, *365 1097 (9th Cir.1999). The substantial evidence “standard is ‘extremely deferential’ and a reviewing court must uphold the agency’s findings ‘unless the evidence presented would compel a reasonable finder of fact to reach a contrary result.’ ” Gebhart v. Sec. & Exch. Comm’n, 595 F.3d 1034, 1043 (9th Cir.2010) (quoting Monjaraz-Munoz v. INS, 327 F.3d 892, 895 (9th Cir.), amended by 339 F.3d 1012 (9th Cir.2003)). “If the evidence is susceptible to more than one rational interpretation, we may not substitute our judgment for that of the agency.” Id.
1. To establish a claimant’s RFC, an ALJ must consider “all of the relevant medical and other evidence,” including descriptions and observations of the claimant’s limitations that are not severe. 20 C.F.R. § 404.1545(a)(3). The ALJ considered the relevant evidence and determined Leonard’s impairments were adequately represented by an RFC for light work with postural limitations that preclude “more than occasional use of ladders, ropes and scaffolds.” The ALJ supported her finding with direct references to medical evidence in the record. Specifically, the ALJ noted that Leonard had received surgery, the surgery was successful, and after the surgery Leonard’s bowel movements were reduced to five to seven per day and he was able to defer them for at least ten minutes. The ALJ also noted that Leonard’s medical records showed his condition was improving after surgery and that none of Leonard’s doctors had placed restrictions on his physical activities. Finally, the ALJ based the RFC on an RFC assessment conducted by one doctor and affirmed by another, after each had reviewed Leonard’s medical records.
The majority asserts the ALJ erred by not including in the RFC Leonard’s need to make frequent bathroom trips. However, the ALJ found Leonard’s claims regarding the severity of his urges to use the bathroom not credible, and the majority held the ALJ’s credibility finding was supported by substantial evidence. Thus, the ALJ was not required to accept as true Leonard’s claims about the severity of his impairments in establishing an RFC. The record contains no medical evidence that would compel us to reject the ALJ’s RFC in favor of one that provided additional limitations for Leonard’s alleged impairments.
2. The ALJ’s use of the grids was not legal error and was supported by substantial evidence. To determine whether a claimant can perform work that exists in “significant numbers in the national economy,” an ALJ may either (1) call a vocational expert (VE) to testify as to the claimant’s qualifications for various jobs or (2) use the grids. Tackett, 180 F.3d at 1100 (internal quotation marks omitted). In either situation, the ALJ must rely on the RFC for the determination. The grids are only inappropriate if they cannot account for the limitations in the RFC, such that the claimant cannot “perform the full range of jobs in a given category.” Id. at 1101. “[T]he fact that a non-exertional limitation is alleged does not automatically preclude application of the grids. The ALJ should first determine if a claimant’s non-exertional limitations significantly limit the range of work permitted by his exertional limits.” Id. at 1102. The ALJ reasonably determined that Leonard’s need to use the bathroom would not “significantly limit the range of work permitted by [the RFC]” and properly applied the grids. Id.
The majority asserts that the ALJ’s use of the grids was inappropriate, because the grids did not account for Leonard’s need to use the bathroom frequently. According to the majority, the ALJ admitted Leonard was limited by his need to use the *366 bathroom when she included postural limitations in the RFC for that reason. The majority avers these postural limitations were inadequate to account for Leonard’s impairment. I disagree. Although the evidence in the record may be “susceptible to more than one rational interpretation,” it does support the ALJ’s determination that Leonard only required postural limitations precluding use of areas that are hard to access. Thus, the majority errs by “sub-stitut[ing its] judgment for that of the [ALJ].” See Gebhart, 595 F.3d at 1043.